# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Robert E. Blackburn

Civil Action No. 08-cv-02765-REB

REYNALDO DEL TORO,

    Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

    Defendant.

## ORDER AFFIRMING COMMISSIONER

**Blackburn, J.**

The matter before me is plaintiff's **Complaint** [#3] filed December 18, 2008, seeking review of the Commissioner's decision denying plaintiff's claims for disability insurance benefits and supplemental security income benefits under Titles II and XVI, respectively, of the Social Security Act, 42 U.S.C. § 401, *et seq.* I have jurisdiction to review the Commissioner's final decision under 42 U.S.C. § 405(g). The matter has been fully briefed, obviating the need for oral argument. I affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff alleges that he is disabled as a result of sleep apnea, obesity, diabetes, hypothyroidism, and migraine headaches. After his applications for disability insurance benefits and supplemental security income benefits were denied, plaintiff requested a hearing before an administrative law judge. This hearing was held on January 11, 2008. At the time of the hearing, plaintiff was 35 years old. He has a high school general equivalency diploma and past relevant work experience as owner of a painting

business, an assembly line worker, and a generator builder.  It is clear that he has not engaged in substantial gainful activity since his amended alleged date of onset, January 1, 2007, although plaintiff's key contention on appeal is that his date of onset was actually March 1, 2005.

The ALJ found that plaintiff was not disabled and, therefore, not entitled to disability insurance benefits or supplemental security income benefits.  Although the medical evidence established that plaintiff suffered from severe impairments, the judge concluded that the severity of those impairments did not meet or equal any impairment listed in the social security regulations.  Plaintiff's migraine headaches were found not severe, and plaintiff does not challenge that conclusion on appeal.  The ALJ found that plaintiff had the residual functional capacity to perform light work that did not require him to climb ladders, ropes, or scaffolds, subject him to unprotected heights, or require him to operate dangerous machinery, and which allowed him to have diabetes blood testing equipment in the workplace and respond to the results of blood testing by the administration of medication or food.  Based on these findings, the ALJ concluded that plaintiff could perform his past work as an electronics assembler.  Plaintiff, therefore, was found not disabled at step four of the sequential evaluation.  Alternatively, the ALJ concluded that there were alternative jobs existing in significant numbers in the local and national economies that plaintiff could perform.  He, therefore, found also that plaintiff would not be considered disabled at step five of the sequential evaluation.  Plaintiff appealed this decision to the Appeals Council.  The Council affirmed.  Plaintiff then filed this action in federal court.

## II.  STANDARD OF REVIEW

A person is disabled within the meaning of the Social Security Act only if his

physical and/or mental impairments preclude him from performing both his previous work and any other "substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2). "When a claimant has one or more severe impairments the Social Security [Act] requires the [Commissioner] to consider the combined effects of the impairments in making a disability determination." **Campbell v. Bowen**, 822 F.2d 1518, 1521 (10th Cir. 1987) (citing 42 U.S.C. § 423(d)(2)(C)). However, the mere existence of a severe impairment or combination of impairments does not require a finding that an individual is disabled within the meaning of the Social Security Act. To be disabling, the claimant's condition must be so functionally limiting as to preclude any substantial gainful activity for at least twelve consecutive months. *See Kelley v. Chater,* 62 F.3d 335, 338 (10th Cir. 1995).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled:

1. The ALJ must first ascertain whether the claimant is engaged in substantial gainful activity. A claimant who is working is not disabled regardless of the medical findings.

2. The ALJ must then determine whether the claimed impairment is "severe." A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities.

3. The ALJ must then determine if the impairment meets or equals in severity certain impairments described in Appendix 1 of the regulations.

4. If the claimant's impairment does not meet or equal a listed impairment, the ALJ must determine whether the claimant can perform his past work despite any limitations.

5. If the claimant does not have the residual functional capacity to perform her past work, the ALJ must decide whether the claimant can perform any other gainful and substantial work in the economy. This determination is made on the basis of

> the claimant's age, education, work experience, and residual functional capacity.

20 C.F.R. § 404.1520(b)-(f).  **See also Williams v. Bowen** 844 F.2d 748, 750-52 (10th Cir. 1988).  The claimant has the initial burden of establishing a disability in the first four steps of this analysis.  **Bowen v. Yuckert**, 482 U.S. 137, 146 n.5, 107 S.Ct. 2287, 2294 n.5, 96 L.Ed.2d 119 (1987).  The burden then shifts to the Commissioner to show that the claimant is capable of performing work in the national economy.  **Id.**  A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis.  **Casias v. Secretary of Health & Human Services**, 933 F.2d 799, 801 (10th Cir. 1991).

Review of the Commissioner's disability decision is limited to determining whether the ALJ applied the correct legal standard and whether the decision is supported by substantial evidence.  **Hamilton v. Secretary of Health and Human Services**, 961 F.2d 1495, 1497-98 (10th Cir. 1992); **Brown v. Sullivan**, 912 F.2d 1194, 1196 (10th Cir. 1990).  Substantial evidence is evidence a reasonable mind would accept as adequate to support a conclusion.  **Brown**, 912 F.2d at 1196.  It requires more than a scintilla but less than a preponderance of the evidence.  **Hedstrom v. Sullivan**, 783 F.Supp. 553, 556 (D. Colo. 1992).  "Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion."  **Musgrave v. Sullivan**, 966 F.2d 1371, 1374 (10th Cir. 1992).  Further, "if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence."  **Thompson v. Sullivan**, 987 F.2d 1482, 1487 (10th Cir. 1993).  Although a reviewing court should meticulously examine the record, it may not reweigh the evidence or substitute its discretion for that of the Commissioner.  **Id.**

4

## III. LEGAL ANALYSIS

Plaintiff's primary argument on appeal is that the ALJ abused his discretion by requesting that plaintiff amend his alleged date of onset to resolve a conflict in the evidence regarding whether plaintiff performed substantial gainful activity after his original alleged date of onset. The ALJ later relied on the discrepancy between plaintiff's allegations of disabling limitations prior to his amended date of onset and evidence that plaintiff performed substantial gainful activity during that same period to discredit both plaintiff and his treating physician.[1]  Given the lack of actual evidence of plaintiff's motives or proof coercion or other pressure on the part of the ALJ, plaintiff's voluntary waiver of his right to insist on an earlier onset date, and the limited nature of my review of the ALJ's decision, I cannot say that the ALJ committed reversible error here.

When plaintiff initially filed his applications for disability insurance and supplemental security income benefits, he alleged an onset date of March 1, 2005. (Tr. 95, 101.)  However, earnings records show that plaintiff reported self-employment income in 2006 of more than $11,000.00. (Tr. 125.)  There, thus, was an apparent discrepancy between plaintiff's alleged date of onset, which claimed that he became disabled as of March 1, 2005, and his earnings records, which suggested that he engaged in substantial gainful activity through the end of 2006.

Plaintiff asserts that the ALJ contacted his attorney prior to the administrative hearing and told her that unless plaintiff was willing to amend the alleged onset date to coincide with the earnings record, the hearing would have to be postponed to address

---

[1] Plaintiff has withdrawn his fourth alleged ground of error – that the Appeals Council erred in failing to consider the new evidence submitted to it after the hearing. (*See* Plf. Reply Br. at 7-8 [#17] filed July 31, 2009.)

5

the evidentiary discrepancy. There is no record evidence of this discussion, although it is not clear why plaintiff could not submit, for example, an affidavit from his former attorney attesting to the content of her conversation with the ALJ. Nevertheless, there appears to be no dispute that such a conversation did occur and that plaintiff's attorney presented him with those options at some point prior to the hearing.[2]

Plaintiff maintains that the discrepancy was illusory because the income reported in 2006 was attributable wholly to his wife, who continued to operate the family painting business for some 18 months after he became unable to work.[3] It is not clear, however, that this explanation was ever put before the ALJ explicitly. Nevertheless, faced with the alternative of postponing the hearing further, plaintiff claims he believed it more expedient to amend his alleged date of onset to January 1, 2007. He now regrets that decision because the ALJ relied, in part, on the discrepancy between plaintiff's allegations of disabling symptoms prior to 2007 and his admission, via amendment on his alleged date of onset, that he continued to engage in substantial gainful activity through 2006, both to discredit the opinion of plaintiff's treating physician and to undermine plaintiff's credibility.

In certain circumstances, a claimant 's decision to amend his alleged date of onset to comply with Social Security regulations, or otherwise for reasons that are

---

[2] Plaintiff argues that it was error for the ALJ not to have somehow memorialized this conversation, but points to no regulation or other requirement that it have been recorded.

[3] Although such is the argument plaintiff advances on appeal on this issue, the evidentiary record is not so clear. Prior to the hearing, plaintiff alleged also that he did not stop working until January 15, 2006 (Tr. 139), and made further statements in October, 2006, suggesting that he was still going in to work to some undetermined extent at that time (Tr. 158). Although an agency interviewer, apparently crediting plaintiff's statements, characterized his work less than substantial gainful activity, that conclusion is not necessarily determinative of date of onset. *See* 20 C.F.R. §§ 404.1571 & 416.971 ("Even if the work you have done was not substantial gainful activity, it may show that you are able to do more work than you actually did.")

unrelated to when he actually stopped working, does not constitute a binding admission. *See, e.g.*, ***Mayer v. Astrue***, 2009 WL 2016699 at *5-6 (D.S.D. July 7, 2009); ***Dilallo v. One Beacon American Insurance Co.***, 2007 WL 763927 at *2 (E.D. Mo. Mar. 9, 2007); ***Wysocki v. Sullivan***, 761 F.Supp. 693, 696 (C.D. Cal. 1991). I find that principle inapplicable here for at least two reasons. First, there is no record evidence to support plaintiff's version of his alleged, non-substantive motives for amending his date of onset. Although plaintiff was represented by counsel at the administrative level, no testimony about the matter was elicited at the hearing, and neither counsel nor plaintiff have submitted evidence, via affidavit, declaration, or otherwise, to prove up the arguments advanced on appeal. On the other hand, the record of plaintiff's self-employment earning facially suggests that plaintiff engaged in substantial gainful activity through 2006. Balancing plaintiff's mere arguments against this concrete evidence, I would be hard pressed to find fault with the ALJ's determination to rely on this discrepancy in rendering his opinion. ***See*** 20 C.F.R. §§ 404.1520(a)(4)(i) & (b) (claimant who is engaging in substantial gainful activity is not disabled regardless of his medical condition). ***See also*** **Social Security Ruling** 83-20, 1983 WL 31249 at *2 (SSA 1983) (noting that claimant's allegations and date impairment caused claimant to stop work are two primary considerations in establishing date of onset).

Second, and relatedly, I find plaintiff's amendment to be conclusive because he specifically affirmed to the ALJ at the hearing that he had been afforded adequate time to discuss the matter with his attorney and was amending of his "own free will and volition." (Tr. 30.) There is nothing in the evidence to suggest that the ALJ improperly coerced or influenced plaintiff to amend his onset date, either prior to or during the hearing. Indeed, plaintiff argues that, confident that he would be awarded benefits, he

7

elected to amend to avoid delaying the hearing any longer. Such gambles, fairly common in our criminal justice system, no doubt occur with some frequency in the administrative context as well. It would undermine substantially the administrative process to permit a claimant to Monday-morning quarterback such decisions when they do not pan out as hoped, especially when an ALJ has been assured that the decision to amend was fully informed and voluntary.

I, therefore, find and conclude that plaintiff's amendment of his alleged date of onset "was a voluntary and knowing waiver of [his] right to claim benefits for any alleged disability prior to that date." *Rivers v. Astrue*, – F.Supp. 2d – , 2009 WL 1160259, 6 (N.D. Ill. Apr. 29, 2009). Accordingly, the ALJ did not abuse his discretion in relying on the discrepancy between plaintiff's statements and his earnings record to discredit plaintiff and to reject the opinion of his treating doctor.

Moreover, the fact that the ALJ did not rely exclusively on this perceived discrepancy in reaching these conclusions lends further support to his determinations in that regard. The ALJ found that despite Dr. Mark Neagle's statement from January 19, 2007, suggesting that plaintiff suffered from disabling functional limitations (Tr. 264-269), notes from plaintiff's subsequent visits to Dr. Diana Hornung in 2007 showed that plaintiff's severe sleep apnea was, in fact, improving with adjustments to his CPAP device (*see* Tr. 271-276). (Tr. 27.) Although plaintiff clearly continued to suffer from daytime somnolence, he reported a decrease in such episodes. Dr. Neagle's himself noted improvements in plaintiff's condition during a follow-up visit in July, 2007, and suggested that further adjustments to the face mask used with the CPAP device, a prescription for Provigil, and obtaining a better mattress should further improve plaintiff's daytime sleepiness. (Tr. 23, 288). The evidence, therefore, supports the ALJ's

conclusion that Dr. Neagle's disability opinion was perhaps premature, and I find no reversible error in the ALJ's determination to afford it no weight. *See Frey v. Bowen*, 816 F.2d 508, 513 (10th Cir. 1987) (good cause to reject treating source opinion may be found when opinion unsupported by medical evidence).

As for the ALJ's appraisal of plaintiff's credibility, such "determinations 'are peculiarly the province of the finder of fact,' and should not be upset if supported by substantial evidence." *White v. Barnhart*, 287 F.3d 903, 909 (10th Cir. 2001) (citing *Kepler v. Chater*, 68 F.3d 387, 390-91 (10th Cir. 1995)). So long as the ALJ links his credibility assessment to specific evidence in the record, his determination is entitled to substantial deference. *Id.* at 910; *see also Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000). The ALJ adequately met that standard here. Plaintiff's testimony regarding his daily activities, the amount of weight he had gained as a result of his condition, and the alleged effects of his daytime sleepiness on his ability to function can be described as confusing, at best. Given the primacy of the ALJ's role in the credibility calculus, and the perils attendant on attempting to assess credibility from a cold transcript, I defer to the ALJ's determination in this regard.

**THEREFORE IT IS ORDERED** that the conclusion of the Commissioner through the Administrative Law Judge that plaintiff was not disabled is **AFFIRMED**.

Dated March 3, 2010, at Denver, Colorado.

                **BY THE COURT:**

                */s/ Robert E. Blackburn*
                Robert E. Blackburn
                United States District Judge